Argued and submitted March 26, reversed and remanded for reconsideration April 23, Jackson County's reconsideration denied June 6, Sterling Mine Properties' reconsideration denied June 20, both petitions for review denied July 29, 1986 (301 Or 445)

1000 FRIENDS OF OREGON,
*Petitioner,*

*v.*

JACKSON COUNTY et al,
*Respondents.*

(85-081; CA A38834)

718 P2d 753

Robert E. Stacey, Jr., Portland, argued the cause and filed the brief for petitioner.

Wendie L. Kellington, Assistant County Counsel, Medford, argued the cause and filed the brief for respondent Jackson County.

Karen C. Allan, Medford, argued the cause for respondent Sterling Mine Properties. With her on the brief was Foster & Purdy, Medford.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LUBA's affirmance of an amendment to Jackson County's acknowledged comprehensive plan map. The amendment changed the designation of 1000 acres of forest land from forest resource (FR) to the less restrictive woodland resource (WR) designation. Both designations are defined in the county's plan. Petitioner's basic contention before LUBA was that the amendment violates Goal 4.

LUBA's opinion states, in part:

"* * * [P]etitioner argues the county erroneously applied its plan to this change instead of Goal 4. In making this argument, petitioner explains that the county order shows the only justification for the change is based upon compliance with the WR Zone. Petitioner goes on to say that the WR Zone allows uses which are not consistent with Goal 4. Indeed, petitioner argues that LCDC's acknowledgement of the Jackson County Plan 'was inconsistent' with later stated agency positions about the requirements of Goal 4.

"Petitioner's claim rests entirely on its view that the WR Zone does not comply with Goal 4. Therefore, applying the WR Zone to this forest land violates the goal, according to petitioner. Petitioner makes no argument that the rezoning violates Goal 4 because the property possesses physical characteristics which are more suited for another zoning designation. There is no claim that the county's findings are defective or that the decision is not supported by substantial evidence in the record. If we agree with petitioner, we are required to declare that the allowable uses in the Woodland Resource Zone violate Goal 4.

"* * * * *

"The county plan and land development ordinance, including the FR and WR Zones, have been acknowledged by the Land Conservation and Development Commission (LCDC) as being in compliance with statewide planning goals. The challenged action does not change the text of the acknowledged plan or the use categories (such as WR) in the acknowledged zoning ordinance. * * *

"In order for us to agree with petitioner * * * we must find the provisions of the acknowledged WR Zone do not comply with the goal's mandate to 'conserve forest lands for forest uses.' In other words, we must find the zone violates Goal 4.

"We are not empowered to consider whether the terms of an acknowledged ordinance violate statewide planning goals. As we understand the statutory scheme, acknowledgement by LCDC forecloses subsequent argument (as here) that the provisions of the acknowledged measure fall short of goal requirements. *Byrd v. Stringer,* 295 Or 311, 666 P2d 1332 (1983) * * *.

"Petitioner urges us to conduct the goal violation * * * inquiry under ORS 197.175(2)(a) (plan amendments must comply with goals). We recognize that the decision in question involves an amendment of the plan map. Nonetheless, we believe the type of goal attack mounted here (*i.e.,* that the use provisions of the WR Zone are less restrictive than Goal 4 requires) is outside our jurisdiction. Alternatively, we believe the goal inquiry is foreclosed under ORS 197.835(4)(a)." (Some citations and footnotes omitted.)

Petitioner's first assignment is that "LUBA erred by failing to review [the plan] amendment for compliance" with Goal 4. It argues that LCDC acknowledged the county's WR provisions as complying with the goal when the land in question was designated FR and that it does not follow that the provisions remain in compliance with the land designated WR. Petitioner states that "LUBA cannot discharge its review responsibilities simply by declaring that the WR district has already been acknowledged—for *other* lands—by LCDC." (Emphasis petitioner's.) Petitioner also states the more general concern:

"* * * LUBA may have presumed that any plan designation contained in an acknowledged plan may be applied to any land in the county through a post-acknowledgment plan amendment. This presumption is absurd. It would permit, for example, agricultural land to be placed in an industrial plan designation simply because LCDC had approved an industrial district as applied to certain lands."

Respondents answer, in essence, that LUBA's reasoning was correct and that petitioner's present exercise amounts to a collateral attack on the acknowledgment and on LCDC's approval of the WR provisions in the county's plan and regulations.

ORS 197.835(4) provides:

"Notwithstanding the provisions of subsections (2) and (3) of this section, the board shall reverse or remand a decision

to adopt an amendment to an acknowledged comprehensive plan or land use regulation or a new land use regulation if the amendment or new regulation does not comply with the goals. The board shall find an amendment or new land use regulation in compliance with the goals, if:

"(a) The board determines that the amendment to an acknowledged land use regulation or the new land use regulation is consistent with specific related land use policies contained in the acknowledged comprehensive plan; or

"(b) The amendment to an acknowledged comprehensive plan or land use regulation or a new land use regulation, on the whole, comply with the purposes of the goals and any failure to meet individual goal requirements is technical or minor in nature."

■ We held in *Ludwick v. Yamhill County,* 72 Or App 224, 696 P2d 536, *rev den* 299 Or 443 (1985), that comprehensive plan amendments are reviewable for goal compliance under ORS 197.835 and that the holding in *Byrd v. Stringer,* 295 Or 311, 666 P2d 1332 (1983), that post-acknowledgment decisions are tested for compliance only with the acknowledged plan and regulations rather than the goals, has no application to post-acknowledgment plan amendments. We explained that "[t]he fact that a comprehensive plan has been acknowledged obviously does not mean that amendments to the plan will also comply with the goals." 72 Or App at 231. In the event that our opinion in *Ludwick* left anything to the imagination, we now reiterate that *all* comprehensive plan amendments are reviewable under ORS 197.835(4) for compliance with the statewide goals.

■ LUBA began its analysis here by positing that petitioner did not challenge the amendment on the ground that the WR designation of the affected land violates Goal 4 because of anything peculiar to that land; what petitioner argued instead, according to LUBA, is that the unamended plan and ordinance provisions pertaining to the WR designation violate the goal and that the map amendment creating additional WR land violates the goal only as a byproduct of that underlying violation.[1] LUBA then reasoned that, because

---

[1] Petitioner maintains that its arguments to LUBA can be read as including specific challenges to the goal compatibility of the WR designation of the affected land, as well as arguments concerning the underlying WR provisions. Because we would remand to LUBA in either event, we need not decide whether LUBA's or petitioner's understanding of petitioner's arguments is correct.

petitioner's goal challenge was directed only at the provisions that were not changed by the plan amendment and that had not been changed since the time LCDC acknowledged them, LUBA did not have *authority*[2] to review the amendment that was adopted for compliance with the goals. We think that LUBA's reasoning mistakes factors that may have substantial bearing on the *outcome* of its review as being relevant to whether it has the *authority* to review. The fact that the amendment may give rise to no goal problems independent of those that assertedly preexisted its adoption may be a strong (or conclusive) reason for rejecting petitioner's goal arguments on their merits; in our view, however, that fact does not render the arguments unreviewable.

■       The distinction we make is not a trifling one. Petitioner is completely correct in its hypothetical assertion that a plan amendment *could* affect provisions of the plan that it does not directly change in such a way that they will have an application which is at odds with the goals and which they did not have at the time of acknowledgment. Comprehensive plans are coordinated and—axiomatically, if not tautologically—comprehensive documents. ORS 197.015(5). An amendment to one provision can affect the way in which another provision operates or affect the land uses upon which it operates, and the new or changed operation of the unamended provision may be inconsistent with the goals. Those "secondary" effects *are* goal compliance problems, and they are as much the product of the plan amendment as are any goal violations that the amendment introduces into the provision which it changes directly. We therefore do not agree that LUBA's review of plan amendments for goal compliance under ORS 197.835(4) is limited to the provisions that the amendments directly create or alter.

We are also not satisfied with LUBA's "alternative" conclusion that "the goal inquiry is foreclosed under ORS 197.835(4)(a)." In the first place, that statute does not foreclose *any* goal inquiry; it presupposes that the inquiry must take place, but that the answer to the inquiry is dictated *if*

---

[2] LUBA used the term "jurisdiction," but that is not precisely what it meant. No one questions that the *decision* to amend the plan is *appealable* to LUBA. The disputed issue is whether *goal compliance* contentions are *reviewable* by LUBA in its consideration of the appeal.

LUBA determines that the challenged enactment "is consistent with specific related land use policies contained in the acknowledged comprehensive plan." Far more saliently, we do not read ORS 197.835(4)(a) as having any relevance to *comprehensive plan* amendments. On its face, subsection (4)(a) relates only to amendments to acknowledged *land use regulations* and to the adoption of new *land use regulations*; unlike subsection (4)(b), it says nothing about plan amendments. Indeed, for the reasons we have noted, it would make little sense for a plan amendment's consistency with the *goals* to be measured by its consistency with other provisions of the *plan, see Ludwick v. Yamhill County, supra,* 72 Or App at 231, and we do not think that the legislature's omission of any reference to plan amendments in ORS 197.835(4)(a) was inadvertant.[3]

It follows that a remand is necessary for LUBA to consider the goal compliance issues which petitioner has raised. It does not follow, however, that we agree with any arguments petitioner has made to us except that LUBA has the authority and the duty to decide the merits of those issues. We note in particular that this opinion does not imply that the acknowledgment of the WR provisions is not dispositive on the merits of any goal violation contentions that simply reiterate objections that were or could have been made at the time the provisions were acknowledged. We also do not imply that the mere addition of new WR territory constitutes an indirect change to the existing WR provisions which affects *their* compliance with the goals, whether or not the contention has been raised—or is correct—that the WR designation of the specific land in question is contrary to Goal 4.

Reversed and remanded for reconsideration.

---

[3] There are random suggestions in LUBA's opinion that, because the county's action took the form of an amendment to a unified plan and zoning map, the action was simply an implementing one that is more akin to the amendment of a land use regulation than to the amendment of a plan. LUBA nevertheless concluded that it was required to review the decision as a plan amendment. That conclusion is plainly correct. ORS 197.015(5), 197.175(2), 197.835(4); *see Colwell v. Washington County,* 79 Or App 82, 718 P2d 747 (1986).