Argued and submitted September 12, reversed and remanded with instructions October 5, 1988

STANDARD INSURANCE COMPANY,
*Respondent,*

*v.*

WASHINGTON COUNTY,
*Respondent Below,*

*and*

LLOYD POWELL AND ASSOCIATES,
*Petitioner.*

(LUBA 88-015; CA A49230)

761 P2d 1348

Lawrence R. Derr, Portland, argued the cause for petitioner. With him on the briefs was Weiss, DesCamp & Botteri, Portland.

Jack L. Orchard, Jr., Portland, argued the cause for respondent. With him on the brief was Ball, Janik & Novack, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LUBA's reversal of Washington County's development review approval and temporary access permit for a supermarket and shopping center project. In an earlier appeal, LUBA remanded county's comprehensive plan amendment which redesignated petitioner's property to permit the supermarket-shopping center use. It therefore concluded in this case that "we must reverse the county's decision because it permits a use not allowed under the applicable plan designation." However, because LUBA's remand of the plan amendment was on review before us at the time when it decided this appeal, it concluded that "judicial economy" would be served by addressing respondent's other bases for challenging the review approval and access permit, and it rejected those contentions. After the parties prepared their briefs and presented oral argument in the present case, we affirmed LUBA's decision remanding the comprehensive plan amendment. *Standard Insurance Company v. Washington County,* 93 Or App 78, 761 P2d 534 (1988).

Petitioner assigns error to the reversal of the development review approval. The only supporting argument in its brief is that, if we reverse LUBA's disapproval of the plan amendment, the "basis for reversal in this proceeding will be removed." As noted, however, we affirmed LUBA's earlier decision. We agree with LUBA and the parties that there can be no development review approval for a use that is not permitted by the comprehensive plan and that the contemplated use *cannot* be permitted on petitioner's site without the plan amendment which LUBA and we remanded.

We conclude, however, that LUBA's outright reversal of county's decision in this case goes too far.[1] LUBA's and our decisions in the plan amendment proceeding have the effect of returning petitioner's amendment application to county for further proceedings. Neither our disposition nor our reasoning in *Standard Insurance Company v. Washington County, supra,* precludes the possibility that the plan amendment which petitioner seeks can be legally enacted.[2] Should

---

[1] The disposition is apparent on the face of the record.

[2] Correspondingly, neither our earlier opinion nor this one implies that that is more than a possibility.

that occur, the development review approval proceedings would relate to a permissible use, and it would make no sense for petitioner and county to have to repeat the entire development review process.[3]

ORS 197.835(3) provides:

"[LUBA] shall reverse or remand a land use decision subject to an acknowledged comprehensive plan and land use regulations if the decision is not consistent with the acknowledged comprehensive plan and land use regulations."

The statute does not specify when a reversal is the appropriate disposition and when a remand is. However, an overriding objective of the land use statutes is to avoid delay in the decisional process. Axiomatically, that objective is not promoted by requiring procedures to be duplicated when some of the problems which infected their earlier exercise may be curable. Here, the development review approval is inconsistent with county's plan by virtue of LUBA's and our remand of the plan amendment decision. We conclude that, in this case, where the validity of a land use decision is contingent on the validity of an earlier decision which has been remanded to the local government, the proper disposition is to remand the later decision rather than to reverse it.

Respondent cross-assigns error to LUBA's rejection of its contentions concerning the merits of county's decision on the development review and temporary access permit. Because a remand of the decision is necessary for the other reasons that we have discussed, we do not reach the cross-assignments.[4]

Reversed and remanded with instructions to remand decision to county.

---

[3] We do not imply that the process has or has not been satisfactorily completed in its entirety.

[4] In the event that county elects to abide by its present decision on the development review and temporary access, *but see* note 3, *supra*, our remand necessitates that the decision be reissued—and thus be susceptible to LUBA review—*after* the amendment on which it is contingent is adopted.