Argued and submitted September 11, affirmed on petition and cross-petition; motion to dismiss denied November 8, 1989, reconsideration denied February 23, petition for review denied May 22, 1990 (310 Or 70)

LEAGUE OF WOMEN VOTERS OF WEST
CLACKAMAS COUNTY,
*Petitioner below,*

ATHERTON et al,
*Petitioners - Cross-Respondents,*

*v.*

METROPOLITAN SERVICE DISTRICT,
*Respondent - Cross-Respondent,*

*and*

BLAZER HOMES, INC.,
*Respondent - Cross-Petitioner.*

(LUBA 88-102; CA A61555)

781 P2d 1256

Robert L. Liberty and Neil S. Kagan, Portland, argued the cause and filed the briefs for petitioner - cross-respondents.

Lawrence S. Shaw, Portland, argued the cause and filed the brief for respondent - cross-respondent.

Leslie M. Roberts, Portland, argued the cause for respondent - cross-petitioner. With her on the brief was Josselson, Potter & Roberts, Portland.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General, Salem, filed the brief for Intervenor Department of Land Conservation and Development.

Before Graber, Presiding Judge, and Newman and Deits, Judges.

GRABER, P. J.

**GRABER, P. J.**

Petitioners seek review of, and respondent Blazer Homes, Inc., cross-petitions from, LUBA's remand of the Metropolitan Service District's (Metro) approval of a "minor amendment" to the Metro Urban Growth Boundary (UGB). The amendment, which Blazer Homes requested, would add about 43.7 acres to the UGB. Metro adopted it pursuant to its acknowledged locational adjustment ordinance, codified as Chapter 3.01 of the Metro Code. LUBA rejected most of petitioners' assignments of error in their appeal of the decision, but it agreed with them that certain findings were not supported by substantial evidence in the whole record and remanded the decision to Metro. Petitioners contend that LUBA erred by not reviewing the UGB amendment for compliance with the statewide planning goals. Blazer Homes argues that LUBA erred by concluding that the findings are unsupported by substantial evidence. We affirm.

The initial question is whether LUBA had jurisdiction. Petitioners filed their notice of intent to appeal to LUBA more than 21 days after Metro adopted the amendment, but within 21 days after Metro notified them of the decision. Blazer Homes moved to dismiss the appeal to LUBA on the ground that it was untimely under ORS 197.830(7) and OAR 661-10-015(1). Petitioners contended before LUBA, and contend here, that the 21-day period for appealing to LUBA did not start to run until the date that Metro mailed the notice of the decision to them. They argue, first, that Metro's decision was an amendment to an acknowledged comprehensive plan or land use regulation and, therefore, that the date of the notice is the measuring date under ORS 197.615(2). *See Ludwick v. Yamhill County,* 72 Or App 224, 696 P2d 536, *rev den* 299 Or 443 (1985). Alternatively, petitioners argue that the Metro Code provides for notice of its decisions, so that notice, rather than adoption of a decision, is the event that triggers the running of the appeal time. LUBA agreed with both of petitioners' points. We agree with the first and need not reach the second.

Blazer Homes asserts that the Metro UGB is neither a comprehensive plan nor a land use regulation and that ORS 197.615 is, therefore, not applicable to the amendment. LUBA agreed that the UGB "does not perfectly fit the definition[s] of

comprehensive plan, land use regulation or plan" in ORS 197.015(5), ORS 197.015(11), and Goal 2. LUBA reasoned, however, that Metro is required by ORS 268.390(3) to adopt a UGB that complies with the goals; that Metro is responsible for coordinating regional land use planning, ORS 197.190(1); ORS 268.380(3); and that, although Metro does not have a general comprehensive plan *per se,* "Metro's UGB becomes a part of the comprehensive plan of the local governments within its boundaries." LUBA concluded that the "Metro UGB is a comprehensive plan provision" and that the notice provisions of ORS 197.615 are applicable to the amendment. Accordingly, it held that an appeal brought within 21 days from the date of notice is timely, and it denied the motion to dismiss. We agree with LUBA's conclusion and its reasoning.

Petitioners contend that LUBA erred by not reviewing the UGB amendment for compliance with Goal 14 and, derivatively, with the requirements of Goal 2 that Goal 14 makes applicable to UGB amendments. Specifically, petitioners argue that Metro adopted the amendment without a determination of whether the territory that it added to the UGB is "needed," under factors 1 and 2 of Goal 14. Metro and Blazer Homes argue that, under the acknowledged locational adjustment ordinance, factors 1 and 2 do not apply to amendments that add 50 acres or less to the Metro UGB. Section 3.01.005(b) of the Metro Code provides that the locational adjustment ordinance

> "is intended to incorporate relevant portions of statewide Goal No. 14, and, by restricting the size and character of UGB adjustments that may be approved under this [ordinance], this [ordinance] obviates the need to specifically apply the provisions of Goal No. 14 to UGB amendments approved hereunder."

The ordinance contains requirements that correspond to those of factors 3 through 7 of Goal 14, the "locational" factors, but it does not provide for the application of the two "need" factors.[1]

---

[1] Metro justified that approach by maintaining that the need factors cannot be applied meaningfully to an addition of less than 50 acres to its 230,000-acre UGB. LCDC agreed and, in 1981, it acknowledged the ordinance as a land use regulation that complies with the goals. Judicial review of that acknowledgment order was not sought.

LUBA agreed with Metro and Blazer Homes, concluding that its

> "determination on the applicability of Goal 14, Factors 1 and 2, and Goal [2], Part II, is governed by the acknowledged locational adjustment ordinance. Under this ordinance, Metro is not required to address Goal 14, Factors 1 and 2, or Goal 2, Part II, but rather to comply with MC Chapter 3.01."

According to petitioners, LUBA missed the point, because the *ordinance* and its acknowledgment are irrelevant. The issue presented by petitioners' appeal, they emphasize, is whether the *amendment* to the UGB complies with the goals, and they maintain that that issue is independent of the ordinance and of *its* compliance with the goals. Petitioners rely on ORS 197.835(4), which requires LUBA to reverse or remand amendments to acknowledged comprehensive plans or land use regulations if the amendments do not comply with the goals, and on *1000 Friends of Oregon v. Jackson Co.,* 79 Or App 93, 97, 718 P2d 753, *rev den* 301 Or 445 (1986), where we concluded that *"all* comprehensive plan amendments are reviewable under ORS 197.835(4) for compliance with the statewide goals." (Emphasis in original.) *See also 1000 Friends of Oregon v. LCDC (Curry Co.),* 301 Or 447, 512, 724 P2d 268 (1986); *Ludwick v. Yamhill County, supra.*

Metro and Blazer Homes respond that petitioners' challenge to the UGB amendment amounts to a "collateral attack" on the acknowledgment of the ordinance. That is not correct. We said in *Ludwick v. Yamhill County, supra,* and reiterated in *1000 Friends of Oregon v. Jackson Co., supra,* that the "fact that a comprehensive plan has been acknowledged obviously does not mean that amendments to the plan will also comply with the goals." 72 Or App at 231. We emphasized in those cases that amendments to acknowledged comprehensive plans and land use regulations are independently reviewable for goal compliance, without reference to the fact that the underlying plans and regulations are in compliance. However, we also made it clear in *1000 Friends of Oregon v. Jackson Co., supra,* that LUBA and we could not go behind an amendment under review to redetermine the goal compliance of acknowledged provisions that are not directly or indirectly affected by the amendment. *See also Urquhart v. Lane Council of Governments,* 80 Or App 176, 721 P2d 870 (1986).

The problem is not that petitioners have launched a *de facto* attack on the acknowledged ordinance, but that the amendment that they do challenge is a clone of the ordinance. The amendment cannot be invalidated without holding, in all but name, that the ordinance is also invalid. Consequently, the existence of the acknowledged ordinance makes independent goal compliance review of the amendment impossible or futile. The principal error that petitioners ascribe to the amendment is that it was adopted without consideration of the two Goal 14 factors that the ordinance purports to make inapplicable to amendments of this kind. Unlike *1000 Friends of Oregon v. Jackson Co., supra,* and *Ludwick v. Yamhill County, supra,* the aspects of this plan amendment that assertedly violate the goals simply mirror provisions of the acknowledged land use regulation.

■ Moreover, the duplication is not just substantive. We understand the ordinance to *require* "minor" UGB amendments to be adopted in accordance with it and to be based on the considerations recognized in the ordinance. Under these unique circumstances, the plan amendment cannot be reviewed meaningfully for goal compliance independently of the acknowledged provisions, so the amendment must be deemed to share the presumptive goal compliance of the ordinance that controls it.[2] We therefore agree with LUBA's conclusion that petitioners have not demonstrated that the amendment violates Goal 2 or factors 1 and 2 of Goal 14.[3]

Petitioners move to dismiss Blazer Homes' cross-petition, contending that it was not filed within 21 days after LUBA's decision. ORS 197.850(3) provides:

"Jurisdiction for judicial review of proceedings under ORS 197.830 to 197.845 is conferred upon the Court of Appeals.

---

[2] We emphasize that we adhere to *1000 Friends of Oregon v. Jackson Co., supra,* and *Ludwick v. Yamhill County, supra.* LUBA and we must conduct independent goal compliance review of an amendment, when sought by a party, if the overlap between the amendment and existing acknowledged provisions is less than total or if those provisions do not control the substance of the amendment.

[3] It is not clear whether petitioners intend their Goal 2 argument to stand independently of their Goal 14 contention. If so, we reject it for the same reasons. The basis for our holding is that the amendment cannot be reviewed independently for goal compliance. We express no view about respondents' or intervenor's suggestions that the ordinance and, therefore, the amendment constitute a correct application of Goal 14.

> Proceedings for review shall be instituted by filing a notice of intent to appeal in the Court of Appeals. The notice shall be filed within 21 days following the date [LUBA] delivered or mailed the order upon which the notice is based."

ORAP 5.77(1) provides:

> "A cross-petition for judicial review, if any, shall be served and filed within 7 days after the filing of the petition for judicial review."

Blazer Homes filed the cross-petition within seven days after petitioners filed their petition, but not within 21 days after LUBA gave notice of its order. Petitioners argue that ORS 197.850 does not contemplate an extended period for filing cross-petitions, that any party to a LUBA proceeding who wishes to seek our review must file a notice of intent to appeal within the 21-day period, and that ORAP 5.77(1) is contrary to the statute insofar as it says otherwise. Blazer Homes replies that petitioners' filing of their notice gave this court jurisdiction to review LUBA's decision in its entirety, that we have authority under ORS 197.850(6) to establish by rule when cross-petitions must be filed, and that there was no *statutory* requirement that Blazer Homes make any preliminary filing in order to present the issues that it raises through its cross-petition. We agree with Blazer Homes, and we deny the motion.

The first of Blazer Homes' three assignments is that LUBA erred by declining to dismiss petitioners' appeal as untimely. We considered and rejected that argument earlier in this opinion. Blazer Homes' two remaining assignments challenge LUBA's conclusions that there was not substantial evidence in the whole record to support three of Metro's findings. LUBA's opinion shows that it "properly understood and applied the 'substantial evidence' test of ORS 197.835(8)(a)(C)." *Younger v. City of Portland,* 305 Or 346, 358, 752 P2d 262 (1988). We therefore also reject Blazer Homes' second and third assignments of error. *See Cusma v. City of Oregon City,* 92 Or App 1, 6-7, 757 P2d 433 (1988).

Affirmed on petition and on cross-petition; motion to dismiss denied.