McKAY CREEK VALLEY ASSOCIATION,
*Petitioner,*

*v.*

WASHINGTON COUNTY,
*Respondent.*

(LUBA 89-137, 89-138, 89-139, 89-140; CA A66567)

803 P2d 753

F. Blair Batson, Portland, argued the cause and filed the brief for petitioner.

David C. Noren, Washington County Counsel, Hillsboro, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioner appealed to LUBA from a group of Washington County ordinances that amended provisions of the Community Development Code (CDC) relating, *inter alia,* to standards for allowing farm and forest dwellings. LUBA affirmed county's actions in part and remanded them in part. Petitioner seeks review of LUBA's decision, contending that LUBA erred in rejecting two of its assignments of error. We affirm.

■ Petitioner contends in its first assignment that the county's Agricultural and Forestry-20 (AF-20) zone is designated in its comprehensive plan as a mixed agricultural and forestry zone; that both Goal 3 and Goal 4, therefore, apply to it; that county's amendments allow dwellings and other uses in the zone if they meet state and local criteria for permitted uses in exclusive farm use (EFU) zones, but do not require that the uses also meet applicable tests for development on forest land; that LUBA erred by concluding that AF-20 is designated in the plan as an EFU zone only, rather than a mixed farm-forestry zone; and that LUBA, accordingly, erred by concluding that Goal 4 is inapplicable to the amendments.

County's comprehensive plan has several components, including the CDC and the Rural/Natural Resources Plan. Petitioner relies on various provisions in the latter to support its contention that AF-20 is a mixed zone rather than an exclusive farm use zone. Read alone, the Rural/Natural Resources Plan is ambiguous about the question. However, the CDC contains provisions, on which LUBA relied, which pre-date the challenged amendments and are acknowledged as complying with the goals and which make it clear that AF-20 is solely an EFU designation. Petitioner argues that the CDC is a zoning ordinance and, as such, its provisions are subordinate to the designation in the Rural/Natural Resources Plan, a part of the comprehensive plan. Therefore, petitioner asserts, LUBA erred by considering the CDC in determining whether the *plan* classifies the AF-20 zone as having only an EFU designation.

Petitioner's premise is incorrect. The CDC *is* part of county's comprehensive plan. We agree with LUBA that the CDC provisions can properly be considered and that they resolve the ambiguity in the Rural/Natural Resources Plan

component. The word "forestry" remains in the designation as a vestige of its zoning history, but it is clear that the plan now designates AF-20 only as an EFU zone, to which state and county regulations relating to development on forest land are inapplicable. *Compare 1000 Friends of Oregon v. LCDC (Lane Co.),* 305 Or 384, 752 P2d 271 (1988).

Petitioner does not contend that the immediate issue goes beyond the question of how the plan designates the zone or that compliance with forest land development standards is required by Goal 4, regardless of how county designates the zone. *See 1000 Friends of Oregon v. Jackson Co.,* 79 Or App 93, 718 P2d 753, *rev den* 301 Or 445 (1986). Nevertheless, petitioner suggests in its discussion of the "signficance of the decision," that county is now undergoing periodic compliance review, and that

"[i]f Washington County is successful in arguing the AF-20 District is immune from the requirements of Goal 4, because the county applied the EFU zone in 1984 [the time of acknowledgment], then the extensive forest lands and forest uses in Washington County's AF-20 zone will not be protected and retained for forest use and production, as required by Goal 4."

Without commenting on the substance of petitioner's concern, we note that the assumption underlying it—that periodic review cannot rectify the non-compliance of acknowledged plan provisions—may be unwarranted. *See* ORS 197.640. In any event, petitioner's sole basis for arguing that LUBA erred is that the plan as it now stands attaches a mixed designation to the AF-20 district. Any long-range *consequences* of LUBA's and our contrary interpretation of the plan cannot alter what the plan *says.* We reject petitioner's first assignment.

Its second assignment is that LUBA erred by sustaining the amendments, insofar as they allow "dwellings in conjunction with farm use" on agricultural land without a showing that the land is in actual "farm use." Petitioner relies on LCDC's rule, codified as OAR 660-05-030(4), which provides, in relevant part:

"ORS 215.213(1)(g) and 215.283(1)(f) authorize a farm dwelling in an EFU zone only where it is shown that the dwelling will be situated on a parcel currently employed for farm use as

defined in ORS 215.203. Land is not in farm use unless the day-to-day activities on the subject land are principally directed to the farm use of the land. Where land would be principally used for residential purposes rather than for farm use, a proposed dwelling would not be 'customarily provided in conjunction with farm use' and could only be approved according to ORS 215.213(3) or 215.283(3). At a minimum, farm dwellings cannot be authorized before establishment of farm uses on the land * * *."

The pertinent county amendments relate to dwellings that are authorized in EFU zones by ORS 215.213(2).[1] The rule cited by petitioner requires some actual farm use on EFU land before it can qualify as the site of a "dwelling customarily provided in conjunction with farm use" under ORS 215.213(1)(g) or ORS 215.283(1)(f). *See Newcomer v. Clackamas County,* 94 Or App 33, 764 P2d 927 (1988).

Petitioner argues:

"OAR 660-05-030(4) states LCDC's substantive policy regarding the ORS 215.203(2)(a) farm use requirement, and there is no reason that policy would not apply to 'dwellings in conjunction with farm use' authorized by ORS 215.213(2)."

LUBA disagreed for two reasons. First, OAR 660-05-030(4) expressly relates only to dwellings that are allowable under

---

[1] ORS 215.213(2) provides, in part:

"The following uses may be established in any area zoned for exclusive farm use subject to ORS 215.296:

"(a) A dwelling in conjunction with farm use or the propagation or harvesting of a forest product on a lot or parcel that is managed as part of a farm operation or woodlot if the farm operation or woodlot:

"(A) Consists of 20 or more acres; and

"(B) Is not smaller than the average farm or woodlot in the county producing at least $2,500 in annual gross income from the crops, livestock or forest products to be raised on the farm operation or woodlot.

"(b) A dwelling in conjunction with farm use or the propagation or harvesting of a forest product on a lot or parcel that is managed as part of a farm operation or woodlot smaller than required under paragraph (a) of this subsection, if the lot or parcel:

"(A) Has produced at least $10,000 in annual gross farm income in two consecutive calendar years out of the three calendar years before the year in which the application for the dwelling was made or is planted in perennials capable of producing upon harvest an average of at least $10,000 in annual gross farm income; or

"(B) Is a woodlot capable of producing an average over the growth cycle of $10,000 in gross annual income."

ORS 215.213(1)(g) and ORS 215.283(1)(f), and not to dwellings authorized by ORS 215.213(2). Second, ORS 215.213(2) contains elaborate standards of its own for determining what dwellings qualify under it, but ORS 215.213(1)(g) and ORS 215.283(1)(f) do not. Thus, as its express language indicates, the rule can apply quite logically as a policy refinement of the latter provisions, without also applying to the more internally complete standards of ORS 215.213(2). *See Newcomer v. Clackamas County, supra.* We agree with LUBA. The "customarily provided in conjunction with farm use" test of ORS 215.213(1)(g) and ORS 215.283(1)(f) does not contain and is not accompanied in the statutory text by comprehensive and self-defining applicability standards of the kind set out in ORS 215.213(2). Moreover, the words "customarily provided" in ORS 215.213(1)(g) and ORS 215.283(1)(f) introduce an undefined criterion into those provisions that is not present in ORS 215.213(2).[2] *See Doughton v. Douglas County,* 82 Or App 444, 728 P2d 887 (1986), *rev den* 303 Or 74 (1987).

Petitioner says that the exclusion of ORS 215.213(2) from OAR 660-05-030(4) "is [an] oversight." However, given the differences among the statutes that we have discussed, there is no reason to conclude that LCDC overlooked ORS 215.213(2) when it wrote the rule. LUBA correctly concluded that the rule is inapplicable to that statute and to the county provisions that are based on it.

Affirmed.

---

[2] ORS 215.213(1)(g) contains one internal limitation on the dwellings that it authorizes, but not comprehensive qualifications like those articulated in ORS 215.213(2). ORS 215.283(1)(f) contains no internal definition or standards.