Argued and submitted June 5, affirmed July 8, petitioners' petition for
reconsideration allowed by opinion November 12, 1992
See 116 Or App 299, 841 P2d 651 (1992)

McKAY CREEK VALLEY
ASSOCIATION,
*Respondent,*

*v.*

WASHINGTON COUNTY,
*Respondent,*

*and*

Lane BLAKESLEE
and Mary Blakeslee,
*Petitioners.*

(LUBA 91-191; CA A74563)

834 P2d 482

David B. Smith, Tigard, argued the cause and filed the brief for petitioners.

F. Blair Batson, Portland, argued the cause and filed the brief for respondent McKay Creek Valley Association.

David C. Noren, Assistant County Counsel, Hillsboro, waived appearance for respondent Washington County.

Before Rossman, Presiding Judge, and Edmonds and De Muniz, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Petitioners[1] seek review of LUBA's reversal of Washington County's approval of their application to build a farm dwelling in a resource zone. The approval standard that petitioners contended, and that the county concluded that their application satisfied, was a zoning ordinance provision permitting a farm dwelling on a parcel that "is planted in peren[n]ials capable of producing upon harvest, an average of at least $10,000 in gross annual income." The county found that, although the strawberry plants that are currently on petitioners' property are not capable of that, the property itself has the capacity to support a strawberry crop that can achieve the requisite productivity. The county also found that periodic replanting of strawberries is an accepted farming practice and that, if petitioners replanted their berries, a new crop could satisfy the standard.

LUBA disagreed with the county's interpretation and application of the ordinance. It noted that petitioners "have never engaged in accepted farming practices regarding those plants and the plants are not capable of producing a harvest." LUBA construed the ordinance to require that currently planted perennials be capable of generating $10,000 in average gross annual income. Hence, the approval standard could not be satisfied by the abstract capability of the site or by the speculative capability of berries that might eventually be replanted on it. LUBA distinguished the situation from one in which active, ongoing farming operations are taking place on a farm where the berry crop is at the end of its five-year replanting cycle and, therefore, might not be able to produce the required income in the particular year. It noted that, under an alternative approval standard in the ordinance, a parcel could qualify for a dwelling if farming operations on it had generated $10,000 in two of the past three years. Here, however, LUBA explained that "it is undisputed that the strawberry plants actually planted on the subject parcel have neither produced the required income in the past nor are presently capable of producing, upon harvest, the required income."

---

[1] We refer to the parties by their designations in this court.

■ Petitioners contend that LUBA erred in its interpretation of the ordinance. They rely on *Newcomer v. Clackamas County*, 92 Or App 174, 182 n 3, 758 P2d 369, *on recon*, 94 Or App 33, 764 P2d 927 (1988), where we said that "the determination of whether a proposed dwelling is customarily provided in conjunction with farm use must be made in the light of all existing and planned uses of the parcel as a whole." *See also Rebmann v. Linn County*, 19 Or LUBA 307 (1990). Hence, petitioners conclude, the future replanted strawberry crop as well as the current crop must be considered.

Assuming that the language that petitioners quote from the first *Newcomer* opinion survived the opinion on reconsideration, it does not benefit petitioners. It applied to an entirely different approval standard — whether a dwelling is customarily provided in conjunction with farm use. ORS 215.283(1)(f). Moreover, we held on reconsideration in *Newcomer* that some actual current farm use of a parcel is a prerequisite to allowing a farm dwelling on it under that standard.

Here, unlike the standard in *Newcomer*, the county's approval standard requires a *particular level* of current use in order for a dwelling to be permitted. The language of the standard is clearly cast in the present tense, and it cannot be satisfied by a determination that a prospective use may reach that level in the future. We agree with LUBA's interpretation of the ordinance.

Petitioners contend that, assuming the correctness of LUBA's construction of the ordinance, it nevertheless erred by reversing the county's decision rather than remanding it. OAR 661-10-071(1)(c) provides for a reversal of a land use decision that "violates a provision of applicable law and is prohibited as a matter of law." That is to be distinguished from OAR 661-10-071(2)(d), under which LUBA must remand a local decision that "improperly construes the applicable law."

■ Petitioners argue, first, that respondent McKay Creek Valley Association (respondent), the appellant before LUBA, contended, *inter alia*, that the county had misconstrued applicable law but did not contend that the decision

was prohibited as a matter of law. Petitioners conclude that LUBA was limited to the argument presented and was, therefore, obliged to remand. However, LUBA did not go beyond the argument. It simply concluded that the county's misconstruction of the applicable law was beyond rectification. Petitioners direct us to no authority suggesting that LUBA's or any other appellate tribunal's decision whether to reverse or remand may be restricted by the parties to something other than what the nature of the assigned and established error demands. LUBA concluded that, under the undisputed facts and the correct interpretation of the ordinance, nothing could be changed by a remand. As a matter of law, the application *cannot* be approved.

Petitioners next assert that something *can* change on remand. They point to the county staff's recommendation that replanting be made a condition of approval and contend that the adoption of that condition could achieve compliance with the approval standard in the ordinance. They are incorrect. LUBA and we construe the standard to apply to current crops. It makes no difference whether replanted future perennials are a speculation by the county or a condition required by the county.

Petitioners also rely on *Standard Insurance Company v. Washington County*, 93 Or App 276, 761 P2d 1348 (1988), which they appear to read for the general proposition that remands by LUBA are preferable to outright reversals. We read our decision more narrowly. The essence of our reasoning was that, if a remand *could* result in a reiteration of the local decision on grounds other than those rejected by LUBA or us, an outright reversal is inappropriate. There is no possibility of that contingency validly occurring here. Under the established facts, petitioners' application cannot be approved.[2]

■     In their remaining assignment of error, petitioners argue that LUBA's decision results in an uncompensated taking of their property. They rely on *Nollan v. California Coastal Comm'n*, 483 US 825, 107 S Ct 3141, 97 L Ed 2d 677

---

[2] Although the ordinance contains other approval standards, petitioners do not argue that any standard other than the one that LUBA and we have considered can avail them anything.

(1987), and argue that the county "had no legitimate governmental interest in requiring [that the] parcel be planted in perennials capable of grossing $10,000 as a condition of" approving the dwelling, "because the exaction imposed * * * bore no substantial relationship, or nexus, to the impacts of the proposed dwelling on either [petitioners'] parcel or the agriculture of the area and the county."

Since petitioners prepared that argument, we held in *Dolan v. City of Tigard*, 113 Or App 162, 832 P2d 853 (1992), that, under both Article I, section 18, and the Fifth Amendment, the proper test for determining whether an "exaction" constitutes a taking is whether it bears a "reasonable relationship" to the impacts and public needs that are created by the activity to the approval of which it is attached. Assuming *arguendo* that *Nollan* and *Dolan* apply in the same way to approval standards as they do to "exactions," as the term is more commonly understood, we conclude that there is a reasonable relationship between the existence of a farm dwelling and the standards in the county ordinance, *see* n 2, *supra*, that make productive agricultural use of the site a prerequisite to allowing the dwelling.[3]

Affirmed.

---

[3] LUBA addressed only one of respondent's assignments of error. Because its resolution of that assignment was independently dispositive of the appeal, it was not required to reach the others. *Blatt v. City of Portland*, 109 Or App 259, 264, 819 P2d 309 (1991).