Submitted on respondent's petition for attorney fees filed June 18, petition denied August 26, 1992

### Leslie MILLER,
*Petitioner,*

*v.*

### CITY OF DAYTON,
*Respondent.*

### (LUBA 91-170; CA A73904)

836 P2d 768

Melanie K. Hantze, Newberg, for petition.

Thomas G. P. Guilbert, Portland, *contra.*

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The City of Dayton petitions for attorney fees in this case in which it prevailed against petitioner before both LUBA and this court. *Miller v. City of Dayton*, 113 Or App 300, 833 P2d 299 (1992). In addition to seeking attorney fees for services in this court, the city also asks us to award attorney fees and certain costs that it had moved LUBA to allow and on which LUBA has not yet ruled.[1]

The city relies, without elaboration, "on ORS 197.830 and 197.850." ORS 197.830(15) provides:

> "(a)  Upon entry of its final order [LUBA] may, in its discretion, award costs to the prevailing party including the cost of preparation of the record if the prevailing party is the local government, special district or state agency whose decision is under review. The deposit required by subsection (8) of this section shall be applied to any costs charged against the petitioner.

> "(b)  [LUBA] may also award reasonable attorney fees and expenses to the prevailing party against any other party who the board finds presented a position without probable cause to believe the position was well-founded, and primarily for a purpose other than to secure appropriate action by the board."

Under ORS 197.835(8), if LUBA reverses a local government determination that it finds to be "outside the range of discretion allowed the local government," it "shall award attorney fees to the applicant against the local government." Finally, ORS 197.850(12) provides:

> "A party shall file with the board an undertaking with one or more sureties insuring that the party will pay all costs, disbursements and attorney fees awarded against the party by the Court of Appeals if:

> "(a)  The party appealed a decision of the board to the Court of Appeals; and

> "(b)  In making the decision being appealed to the Court of Appeals, the board awarded attorney fees and expenses against that party under ORS 197.830(15)(b)."

---

[1] We are informed that LUBA's practice is to defer rulings on such motions until decisions, including appellate court review, have become final.

ORS 197.830(15)(b) *allows LUBA* to award attorney fees under limited and defined circumstances. ORS 197.835(8) *requires LUBA* to award fees under circumstances that are not present here. ORS 197.850(12) refers in passing to awards of attorney fees by the Court of Appeals, but no provision affirmatively gives us authority to award them. Moreover, the condition precedent to the operation of ORS 197.850(12) — an existing award by LUBA under ORS 197.830(15)(b) — is not present here.

■■     Even assuming that the fleeting mention of attorney fees in ORS 197.850(12) was intended to authorize an award by this court, it contains nothing to suggest that the award is other than discretionary. The structure of the whole statutory scheme makes clear that an award of attorney fees or of extraordinary costs in either forum depends on something more than simply prevailing, *e.g.*, lack of probable cause, frivolity, acting beyond the range of permitted discretion. No such circumstances exist here. Petitioner's argument presented *at least* two issues that required close examination and detailed discussion. We would not award attorney fees, even if we could, and we, therefore, need not decide whether we can.

Petition denied.