Submitted on record and briefs September 1, reversed and remanded for reconsideration October 14, 1992

Sharon S. FORSTER,
*Respondent,*

*v.*

POLK COUNTY,
*Petitioner.*

(LUBA 92-071; CA A75822)

839 P2d 241

Elizabeth L. Fancher, Polk County Counsel, Dallas, filed the brief for petitioner.

Sharon S. Forster, Dallas, filed the brief *pro se.*

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Polk County seeks review of LUBA's remand of its decision to allow a farm dwelling on a 13-acre parcel in an exclusive farm use zone. The applicant had planted 3.25 acres in Christmas tree seedlings at the time that the application was considered by the county. In a farm management plan that accompanied the application, she indicated her intention to plant an additional 3.5 acres in Christmas trees and to use part of the parcel to maintain two cows. The county approved the application, with this condition:

> "A total of seven acres of Christmas trees must be planted within one year after this approval. At least 3-1/2 acres must be planted, demonstrating that the farm use is substantially in place, before issuance of any building permit."

Respondent opposed the application and appealed the county's decision to LUBA. It held that the proposed dwelling does not qualify as one "customarily provided in conjunction with farm use" under ORS 215.283(1)(f), OAR 660-05-030(4) and section 138.040 of the county's zoning ordinance. LUBA reasoned that, under those provisions, the present use of the parcel does not meet the necessary level of "current employment" for farm use. LUBA relied on its decisions in *Hayes v. Deschutes County*, ___ Or LUBA ___ (LUBA No. 91-218, April 6, 1992), and *Miles v. Clackamas County*, 18 Or LUBA 428 (1989), and concluded:

> "[T]he county can only approve a farm dwelling on the subject property if it (1) determines the Christmas tree and cattle operation proposed in the farm management plan satisfies PCZO 138.040(B)(2) (and OAR 660-05-030(4)), and (2) ensures through conditions that the farm dwelling cannot be built until after the county determines the farm management plan has been carried out.

> "We determine the county properly found the operation proposed by the applicant's farm management plan satisfies PCZO 138.040(B)(2). However, the county's decision does not ensure that the farm dwelling cannot be built until after the county determines the farm management plan has been carried out, but rather allows a building permit for the dwelling to be issued when as few as 3 1/2 acres of the subject parcel are planted in Christmas trees. This exceeds the county's authority under PCZO 138.040(B)(2), OAR 660-05-030(4) and ORS 215.283(1)(f)." (Footnote omitted.)

■  In its first assignment, the county contends that LUBA erred by so concluding and, in particular, erroneously construed the applicable state and local provisions to require the complete implementation of the farm management plan before the dwelling could be constructed. The county argues that, under *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), LUBA had no authority to substitute its own interpretation of the county ordinance for that of the county and thereby "require a complete, rather than partial, implementation standard." The county's premise is incorrect. ORS 215.283(1)(f) and OAR 660-05-030(4), the LCDC rule that explicates that delegative statute, *see Newcomer v. Clackamas County*, 92 Or App 174, 758 P2d 369, *modified* 94 Or App 33, 764 P2d 927 (1988), as well as the ordinance are directly applicable to the county's decision, and LUBA's review of the state provisions is not subject to the limitations that *Clark* places on LUBA's scope of review of local legislation. *See Kenagy v. Benton County*, 115 Or App 131, 838 P2d 1076 (1992); *Ramsey v. City of Portland*, 115 Or App 20, 836 P2d 772 (1992).

As relevant to the issues we discuss, neither LUBA nor the parties contend that the ordinance is more restrictive of the proposed use than are the statute and the rule. Indeed, LUBA's and the parties' common assumption appears to be that the ordinance provision was meant to embody and duplicate the requirements of OAR 660-05-030(4). Insofar as the state and local provisions are materially the same in substance or the former contain requirements that the latter does not contain or is interpreted as not containing, the statute and rule must be interpreted and applied by the county in making its decision, subject to LUBA's and our unrestricted review. *Kenagy v. Benton County, supra; Ramsey v. City of Portland, supra.*

■  OAR 660-05-030(4) provides, in part:

"ORS 215.213(1)(g) and 215.283(1)(f) authorize a farm dwelling in an EFU zone only where it is shown that the dwelling will be situated on a parcel currently employed for farm use as defined in ORS 215.203. Land is not in farm use unless the day-to-day activities on the subject land are principally directed to the farm use of the land. Where land would be principally used for residential purposes rather than for farm use, a proposed dwelling would not be 'customarily

provided in conjunction with farm use' and could only be approved according to ORS 215.213(3) or 215.283(3). At a minimum, farm dwellings cannot be authorized before establishment of farm uses on the land."

The rule has two purposes. First, and most obviously, it makes some actual current farm use of property a prerequisite to permitting a farm dwelling on it under ORS 215.283(1)(f). Second, the text and history of the rule reveal that, in adopting it, LCDC rejected LUBA's decision in *Matteo v. Polk County*, 14 Or LUBA 67 (1985), which had held that a parcel must be wholly devoted to farm use in order to qualify for a farm dwelling. *See Newcomer v. Clackamas County, supra,* 94 Or App at 38-40.

The county argues that LUBA's holding here goes well beyond OAR 660-05-030(4) and beyond our second *Newcomer* decision, where we noted that, in the light of the rule, ORS 215.283(1)(f) does not allow "farm dwellings to be permitted on agricultural parcels before some actual farm use is initiated on them." 94 Or App at 39.[1] According to the county, those authorities require only *some* actual farm use, while LUBA's decision requires, in effect, that the entire planned use be implemented before a farm dwelling can be built.

Respondent agrees with the county that, as a general rule, "OAR 660-05-030(4) does not require a farm management plan [to] be completely implemented prior to the construction of a farm dwelling." She contends, however, that the rule and the ordinance

"require the farm use * * * which the dwelling is 'customarily provided in conjunction with' [to] be established before the dwelling is approved.

"In this matter, the farm management plan includes only the bare minimum to meet the requirement of 'farm use' in both OAR 660-05-030(4) and PCZO 138.040(B). No 'farm use' will be established until it meets the requirements of OAR 660-05-030(4) and PCZO 138.040(B). In this case, LUBA found that these requirements will not be met until the farm management plan is completely implemented.

---

[1] The county's reliance on the first *Newcomer* decision is misplaced. We modified it in the second opinion on the point that is relevant here.

"If the plan were to plant 30 acres of trees and have 50 head of cattle, the farm management plan would not have to be completely implemented before the dwelling was approved, as long as a sufficient amount of activity had been implemented to meet the minimum requirements to constitute 'farm use' as set forth in OAR 660-05-030(4) and PCZO 138.040(B). However, in this case the plan calls for only two cows and seven acres of trees, which is the bare minimum necessary to satisfy the code."

Although we do not foreclose the possibility that a decision by LUBA that says what respondent says might be affirmable,[2] we do not agree that that is what LUBA *did* say. We do not understand its holding to turn on facts that are peculiar to this case. We read LUBA's opinion to reiterate a general rule, derived from *Hayes v. Deschutes County, supra,* and *Miles v. Clackamas County, supra,* that LUBA deems applicable to *all* applications for farm dwellings on property where the fully developed use defined in the management plan has not yet been established: Counties must "[ensure] through conditions that the farm dwelling cannot be built until after the county determines the farm management plan has been carried out."

OAR 660-05-030(4) does not particularize or provide any set formula for determining the amount of actual farm use that must precede the approval or construction of a dwelling, and we were not called upon to resolve that question in *Newcomer v. Clackamas County, supra.*[3] LUBA's decisions in *Hayes, Miles* and here come as close as any authority known to us to articulating a standard for the application of OAR 660-05-030(4). However, we are not able to agree with that standard, because it seems to us to come closer to the "wholly devoted" test in *Matteo v. Polk County, supra,* than to the standard in the rule that was adopted in part to negate *Matteo.* Although "complete implementation" is not the

---

[2] We note, however, that LUBA rejected certain other arguments by respondent to the effect that the applicant's activities failed to satisfy other requirements in the rule and the county ordinance.

[3] *McKay Creek Valley Assn. v. Washington County,* 114 Or App 95, 834 P2d 482 (1992), on which respondent places some reliance, is almost wholly inapposite. It dealt with a county ordinance provision that specified a particular level of agricultural productivity as an approval standard for a farm dwelling. The issue in this case arises from the very absence of that kind of specificity in the state or the local provisions.

same thing as "wholly devoted," insofar as a farm management plan would not necessarily call for total devotion of a parcel to farm use, both standards require that *all contemplated* farm use on a parcel must be commenced before a farm dwelling can be allowed. However much actual farm use OAR 660-05-030(4) may have been intended to require, the rule does not require the full establishment of all planned farm uses in all cases as a condition precedent to the building of a primary farm dwelling on any EFU parcel. We remand to LUBA to reconsider the issue in the first instance.

The second error that LUBA found and that the county assigns is derivative from the first and is reversed and remanded for reconsideration along with it.

Reversed and remanded for reconsideration.