Argued and submitted July 7, affirmed July 28, 1993

## McKAY CREEK VALLEY ASSOCIATION,
*Petitioner,*

*v.*

## WASHINGTON COUNTY,
*Respondent.*

(LUBA 92-216; CA A79900)

857 P2d 184

Michael A. Lewis, Eugene, argued the cause and filed the brief for petitioner.

David C. Noren, Assistant County Counsel, Hillsboro, argued the cause for respondent. With him on the brief was John M. Junkin, Washington County Counsel, Hillsboro.

Before Richardson, Chief Judge, and Riggs and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Washington County amended section 440-6 of its development code to provide:

"Alterations to a nonconforming use or structure to reasonably continue the nonconforming use or structure are permitted through a Type I, II or III procedure. Alteration includes a change in nonconforming use of a structure or parcel of land; *or replacement*, addition or modification in construction to a structure." (Emphasis supplied.)

Petitioner appealed to LUBA, contending that the emphasized language is contrary to ORS 215.130. That statute provides, in material part:

"(5) The lawful use of any building, structure or land at the time of the enactment or amendment of any zoning ordinance or regulation may be continued. Alteration of any such use may be permitted to reasonably continue the use. Alteration of any such use shall be permitted when necessary to comply with any lawful requirement for alteration in the use. A change of ownership or occupancy shall be permitted.

"(6) Restoration or replacement of any use described in subsection (5) of this section may be permitted when the restoration is made necessary by fire, other casualty or natural disaster. Restoration or replacement shall be commenced within one year from the occurrence of the fire, casualty or natural disaster.

"* * * * *

"(9) As used in this section, 'alteration' of a nonconforming use includes:

"(a) A change in the use of no greater adverse impact to the neighborhood; and

"(b) A change in the structure or physical improvements of no greater adverse impact to the neighborhood."

Petitioner argued that "replacement" may only occur under the conditions delineated in ORS 215.130(6), *i.e.*, fire, casualty or natural disaster, and that the county is not permitted to define "alteration" to include "replacement." LUBA rejected the argument, and petitioner seeks review. We affirm.

Petitioner's point appears to be that the statute rigidly differentiates between "alterations" and "replacements" of nonconforming uses, and that the county provision effectively abrogates subsection (6). Underlying that point is petitioner's assumption that the "replacement" allowable when the events in subsection (6) have occurred may be more intensive than the "alteration" allowed elsewhere in the statute.

The county argued, and LUBA agreed, that

"ORS 215.130(6) does not state that a nonconforming use may be replaced *only* because of fire or other casualty, nor does ORS 215.130(9) limit 'change in use' or 'change in structure' to exclude 'replacement.' According to the county, 'replacement' of a nonconforming structure is a 'change' in that structure, which can be allowed under ORS 215.130(5) and (9) as an alteration to a nonconforming use, if it (1) reasonably continues the nonconforming use, and (2) has no greater adverse impact on the neighborhood. The county further argues that this interpretation does not render ORS 215.130(6) without effect. Under ORS 215.130(6), a county may approve 'replacement' of a nonconforming use because of fire or other casualty, regardless of whether the replacement reasonably continues the use or has a greater adverse impact on the neighborhood." (Emphasis in original; footnote omitted.)

LUBA concluded:

"We see no basis in the statute for concluding that 'replacement' of a nonconforming use may *only* be permitted under ORS 215.130(6). Accordingly, it is within the county's authority under ORS 215.130(5), (6) and (9) to adopt [code] provisions treating 'replacement' of a nonconforming structure as a potentially allowable alteration of a nonconforming use, so long as it requires that the replacement reasonably continues the nonconforming use and has no greater adverse impact on the neighborhood." (Emphasis in original; footnote omitted.)

We agree with LUBA, and we hold that the code provision is facially valid.

■ Much of petitioner's expressed concern is directed at how the provision could be misapplied. Petitioner reasons that "replacements" under ORS 215.130(6) can be more intensive in character than the other provisions of the statute

allow "alterations" to be. Therefore, by including "replacements" within the scope of "alterations" under its own provision, the county might attempt to permit what amount to "replacements" within the meaning of ORS 215.130(6) when the conditions for allowing them under that subsection are not present. That concern is unwarranted. Whatever its own legislation may provide, the county's land use decisions, pertaining to nonconforming uses as well as all other matters, must comply with applicable state statutory requirements. *Forster v. Polk County*, 115 Or App 475, 478, 839 P2d 241 (1992).

Affirmed.