Ronald M. WATSON, Jr.,
and Jennifer L. Watson,
*Petitioners,*

*v.*

CLACKAMAS COUNTY,
*Respondent.*

(LUBA 93-193)

Ronald M. WATSON,
Carol D. Watson and
Ron Watson Trucking, Inc.,
an Oregon corporation,
*Petitioners,*

*v.*

CLACKAMAS COUNTY,
*Respondent.*

(LUBA 93-197; CA A84183)

879 P2d 1309

Paul D. Schultz argued the cause for petitioners. With him on the brief was Hibbard, Caldwell & Schultz.

Stacy L. Fowler, Assistant County Counsel, argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioners seek review of LUBA's opinion affirming the Clackamas County hearings officer's decisions that petitioners' parking and storage of trucks on their land in a timber zone was a violation of the county's Zoning and Development Ordinance (ZDO). The county proceeding was conducted under the county's Compliance Hearings Officer Ordinance (CHO), and resulted, *inter alia*, in the assessment of monetary civil penalties.

Petitioners' first assignment takes issue with LUBA's conclusion that the hearings officer had authority to assess civil penalties against them. One statute and two county ordinance provisions are pertinent. ORS 203.065(1) provides, as relevant:

"Violation of an ordinance * * * shall be punishable, upon conviction, by a fine of not more than $500 for a noncontinuing offense and a fine of not more than $1,000 for a continuing offense."

Section 9.A.5 of the CHO empowers the hearings officer to require a party in violation of the county provisions enumerated in section 1 of the ordinance, which include the ZDO, to pay the county

"a civil penalty, the amount of which shall be determined by ORS 203.065(1) or by any other specific rule or statute which in the judgment of the Hearing Officer forms the basis for a decision that the [party] is in violation * * *."

Section 102.03 of the ZDO provides:

"Violation of any provision of this Ordinance is punishable upon conviction, by:

"A. A fine of not more than [$100] for each day of violation where the offense is a continuing offense but such fine may not exceed [$1,000].

"B. A fine of not more than [$500] where the offense is not a continuing offense."

Petitioners argue that, because the ZDO provision authorizes fines for a violation of that ordinance, but does not mention civil penalties, and because the CHO allows the imposition of civil penalties but says nothing about fines, the

hearings officer did not have authority in this CHO proceeding to impose the monetary penalty for petitioners' violation of the ZDO. Petitioners further support their point by reference to the words "upon conviction" in section 102.03 of the ZDO, and argue that the penalties for violations of that ordinance are assessable only after a criminal prosecution rather than a hearing under the CHO. Petitioners do not contend that the county *may not* lawfully enact and carry out a provision allowing the hearings officer to impose civil penalties for ZDO violations; their argument, rather, is that the ordinances cannot be read as conferring that authority on the hearings officer.

The county and LUBA rejected that argument, as do we. Nothing in ZDO section 102.03 suggests that it creates an exclusive monetary sanction for ZDO violations. Section 9.A.5 of the CHO expressly allows the imposition of civil penalties for violations of the ZDO. The civil penalty provision in the CHO is independent of, and supplemental to, the fine provision in the ZDO. We agree with LUBA that petitioners' contrary argument emphasizes labels at the expense of substance, and we reject their first assignment.

■　　In their remaining assignments, petitioners assert that LUBA erred in rejecting their third and fourth assignments of error to it. In both instances, LUBA affirmed the hearings officer's interpretations of county legislation, on the understanding that ORS 197.829 and *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), required it to apply a deferential standard of review. That understanding is the one that LUBA and we have followed since *Clark* was decided. However, in *Gage v. City of Portland*, 319 Or 308, 877 P2d 1187 (1994), decided after LUBA issued the order under review, the Supreme Court held that *Clark* requires deferential review only of interpretations made by the local governing body that enacted the legislation and that a hearings officer's interpretation of the local legislation is not entitled to deference.

The local decision in *Gage* was made before ORS 197.829 took effect, and the court noted that that statute did not apply to the case. 319 Or at 317 n 7. Rather, the court in *Gage* based its decision mainly on the rationale of *Clark*. As we read *Gage*, however, its *reasoning* is as pertinent to ORS

197.829 as it is to *Clark*; moreover, it seems unlikely that the court would have exercised its discretionary review to explain a judicial decision that has been superseded by a statute, unless the court considered the logic of the decision to carry over to the statute. This court will read *Gage*, as we have *Clark*, to mean what it says. A remand to LUBA to reconsider the two assignments in the light of *Gage* is necessary.[1]

Reversed and remanded for reconsideration of third and fourth assignments of error in appeal to LUBA; otherwise affirmed.

---

[1] At oral argument, we questioned whether the decisions here were subject to LUBA's jurisdiction, or whether an enforcement proceeding under ORS 197.825-(3)(a) was the exclusive method of proceeding. *See Clackamas County v. Marson*, 128 Or App 18, 874 P2d 110 (1994). We are satisfied that, at least under these facts, the county could proceed either through a land use decision or by an enforcement action. Because it followed the former course, LUBA had jurisdiction.