Argued and submitted June 16, reversed and remanded August 10, petition for
review denied October 25, 1994 (320 Or 325)

Ernest KUNZE,
Gary Linn, Thor Aronson
and Jim Gidley,
*Petitioners,*

*v.*

CLACKAMAS COUNTY
and Ralph Hatley,
*Respondents.*

(LUBA 93-177; CA A83933)

879 P2d 1311

Daniel H. Kearns argued the cause for petitioners. With
him on the brief was Preston Gates & Ellis.

Michael E. Judd, Chief Assistant County Counsel, argued
the cause for respondent Clackamas County. With him on the
brief was Clackamas County Counsel.

Lawrence R. Derr and Josselson, Potter & Roberts filed
the brief for respondent Ralph Hatley.

Before Deits, Presiding Judge, and Riggs and Haselton,
Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioners appealed to LUBA from the Clackamas County hearings officer's decision approving respondent Hatley's (respondent) application to construct a primary farm dwelling. LUBA remanded the decision, but rejected some of petitioners' contentions. Petitioners seek our review, and argue that LUBA erred by upholding the county's interpretation of certain approval standards for farm dwellings in its zoning ordinance.

Section 401.04A of the county's ordinance provides that, in the exclusive farm use zone where respondent's property is located, a "permanent principal dwelling * * * in conjunction with an existing commercial farm use" is allowable if, *inter alia*, the "land is currently used for a commercial farm use." Section 202 defines "commercial farm" as:

"A farm unit with all of the following characteristics:

"(a) The land is used for the primary purpose of obtaining a profit in money from activities described in [section] 401.03A and B, and [section] 402.03A and B;

"(b) The net income derived from farm products is significant; and

"(c) Products from the farm unit contribute substantially to the agricultural economy, to agricultural processors and [to] farm markets."

We have construed ORS 215.203, ORS 215.283(1)(f) and OAR 660-05-030(4), the state law provisions regulating primary dwellings on agricultural land, as requiring that some actual use or "current employment of [the] land" for agricultural purposes, ORS 215.203(2), must precede the approval of a dwelling; however, we have rejected the view that the state statutes or rule require that the land must be "wholly devoted" to farm use or that all planned agricultural activities must be fully implemented before a dwelling may be permitted in conjunction with farm use. *Forster v. Polk County*, 115 Or App 475, 839 P2d 241 (1992); *Newcomer v. Clackamas County*, 94 Or App 33, 764 P2d 927 (1988).

Petitioners appear to agree that respondent's proposed dwelling is permissible under that state law standard. They also apparently agree that the proposed dwelling will also be permissible under what they regard as the more

restrictive standard of the county ordinance, once all uses outlined in respondent's farm management plan are in place. They argue, however, that the dwelling is not permissible under the ordinance criteria *now* because, unlike the state provisions, the ordinance requires a showing that the parcel is *currently* "producing significant net income and is contributing substantially to the area's agricultural economy and markets." The county hearings officer disagreed and, applying *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), and ORS 197.829, LUBA accepted the hearings officer's interpretation of the county legislation.

The crux of petitioners' argument before us is that section 202(b) and (c) are phrased in the present tense, and therefore they state requirements for existing usage. Because of that, they assert that the ordinance may not be construed, as we construed the state provisions in *Newcomer* and *Forster*, to allow the approval of a dwelling before the agricultural activity on the parcel has reached the stage of full utilization.

The county responds that section 202 is a definitional provision and that definitions are generally phrased in the present tense. Therefore, it is not unusual, nor of any significance, that section 202 uses the present tense. The county also points out that petitioners' reading of the ordinance makes no sense, in that an application for a dwelling must be supported by the submission of a farm management plan. The county explains that

> "[t]here would seem to be no point in requiring a management *plan* if the intent was that the dwelling not be established until the commercial farm use itself is at full production." (Emphasis the county's.)

The county also notes that ORS 215.203(2), the definitional component of the state provisions that we interpreted in *Newcomer* and *Forster*, like the county ordinance, is phrased in the present tense.

After LUBA issued its decision in this case, the Supreme Court held in *Gage v. City of Portland*, 319 Or 308, 877 P2d 1187 (1994), that the deferential standard of review articulated in *Clark v. Jackson County, supra*, is inapplicable to interpretations of local legislation by local hearings officers. Similarly, as explained in *Watson v. Clackamas County*,

129 Or App 428, 879 P2d 1309 (1994), we find no basis for concluding that hearings officers' decisions are entitled to deference under ORS 197.829, if they are not under *Clark*.

In *Gage*, the Supreme Court remanded the case to LUBA to "determine in the first instance, and without according the deference required by *Clark*, whether the hearings officer" correctly construed the ordinance. 319 Or at 317. We did the same in *Watson*. Arguably, we could decide the question of interpretation at this point, rather than first remanding the case to LUBA and, were we to do so, we would interpret the applicable legislation in the same way that the hearings officer did. However, we conclude on balance that LUBA should normally be the body to make the initial determinations in the review process, and that that is the appropriate course to follow here.

Reversed and remanded.