Submitted on record and briefs September 28, affirmed on petition and cross-petition November 2, 1994

Dan McKENZIE,
*Petitioner below,*

*v.*

MULTNOMAH COUNTY,
*Respondent below,*

*and*

Arnold ROCHLIN,
*Intervenor below.*

(LUBA 93-205)

Arnold ROCHLIN,
*Petitioner - Cross-Respondent,*

*v.*

MULTNOMAH COUNTY,
*Respondent,*

*and*

Dan McKENZIE,
*Respondent - Cross-Petitioner.*

(LUBA 93-209; CA A85200)

884 P2d 868

Arnold Rochlin filed the briefs *pro se*.

John L. DuBay, Chief Assistant County Counsel, and Laurence Kressel, County Counsel, filed the brief for respondent Multnomah County.

Dan McKenzie filed the brief *pro se*.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioner Rochlin seeks review of and respondent McKenzie cross-petitions from LUBA's remand of Multnomah County's decisions granting design review approval of McKenzie's proposed nonforest dwelling and determining that his previously granted conditional use permit for the dwelling had not expired. We affirm on the petition without discussion. One of McKenzie's contentions in his cross-petition requires discussion.

Section 11.15.7110(C)(3)(b)(i) of the County Code provides that conditional uses expire two years after their allowance unless the "Planning Director determines that substantial construction has taken place." That determination must be based, *inter alia*, on a finding that "[f]inal design review approval has been granted." Because of an intervening appeal to LUBA, *see Rochlin v. Multnomah County*, 25 Or LUBA 637 (1993) (*Rochlin I*), and a series of changes in the conditions that were attached to McKenzie's permit at various times and at various levels within the county's decisional structure, the required substance of the designs to be reviewed also underwent changes.

In its present decision that the permit had not expired, the county concluded that although the design that the planning inspector had approved before *Rochlin I* was subject to later revisions, the director's initial approval was a "final design review approval" under section 11.15.7110-(C)(3)(b)(i).[1] LUBA disagreed. It first quoted the county's interpretation of the section and then explained its rejection of the interpretation:

> " '[F]inal design review approval was granted under MCC [11.15].7845 on the total project as it existed and was approved at that time. [*Rochlin I*] has since effectively reinstated the decisions [on the SEC and HD permits]. Therefore, the design review plan is no longer consistent

---

[1] The county interpretation was initially made by a hearings officer. The decision was appealed to the governing body and, by our understanding, the interpretation was among the parts of the hearings officer's decision that the governing body approved. Consequently, we review it with the deference that ORS 197.829(1)-(3), *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), and *Gage v. City of Portland*, 319 Or 308, 877 P2d 1187 (1994), require.

with the applicable permits * * *. However, *when the planning director made the determination [granting design review approval]*, there was a final design review plan that complied with the applicable permits and standards. *That is the appropriate reference time for compliance with MCC [11.15].7110(C)(3)(b)(i)*, because that is when the decision being appealed was made. [*Rochlin I*] should not void the design review decision for purposes of compliance with MCC [11.15].7110-(C)(3)(b)(i), because it is not clearly required by the [MCC], and it would conflict with the purpose of MCC [11.15].7110(C)(3) generally.' (Emphasis supplied.)

"As we understand it, the above interpretation simply states the 'final design review approval' required under MCC 11.15.7110(C)(3)(b)(i) is granted where the planning director *issues* a determination granting design review approval, regardless of whether the planning director's decision is appealed. This is contrary to MCC [11.15].7110-(C)(3)(b)(i), which requires *final* design review approval. At a minimum, no final design review approval can be granted until the local design review process is complete. That no final design review approval was granted here is clear from the fact that the planning director's decision was appealed. As we explain above, under ORS 215.416(3) and (11), the planning director's design review approval decision could not mature into a final design review approval decision if a local appeal was filed. For the county to interpret MCC 11.15.7110(C)(3)(b)(i) to mean a final design review decision was made by the planning director, for purposes of adopting a 'substantial construction' determination, would make the public hearing on appeal of the planning director's design review decision required by ORS 215.416(3) and (11) meaningless. Because the county's interpretation is inconsistent with ORS 215.416(3) and (11), we may not defer to it. *See Forster v. Polk County*, [115 Or App 475, 839 P2d 241 (1992)]. On remand, the county must interpret MCC 11.15.7110-(C)(3)(b)(i) in a manner that is consistent with ORS 215.416(3) and (11) and must address the two relevant interpretational issues raised by petitioner under this assignment of error." (Emphasis in original.)[2]

---

[2] ORS 215.416(3) and (11), the state statutes with which LUBA concluded the county's interpretation was in conflict, pertain generally to required county hearings or hearing opportunities on permit applications.

ORS 197.829 provides:

"The Land Use Board of Appeals shall affirm a local government's interpretation of its comprehensive plan and land use regulations, unless the board determines that the local government's interpretation:

"(1). Is inconsistent with the express language of the comprehensive plan or land use regulation;

"(2) Is inconsistent with the purpose for the comprehensive plan or land use regulation;

"(3) Is inconsistent with the underlying policy that provides the basis for the comprehensive plan or land use regulation; or

"(4) Is contrary to a state statute, land use goal or rule that the comprehensive plan provision or land use regulation implements."

McKenzie argues, in effect, that LUBA's ruling that the county's interpretation was reversible under ORS 197.829(4) because of an inconsistency with state statutes depended on LUBA's underlying conclusion that the interpretation was inconsistent with the language of the county ordinance itself. McKenzie disagrees with that underlying conclusion. He contends:

"[I]t is only LUBA's wrong interpretation of the word 'final' that makes MCC 11.15.7110(C)(3)(b)(i) conflict with ORS 215.416(3) and (11). Using the proper interpretation that 'final design review plan' means the 'non-preliminary design review plan', ORS 215.416(3) and (11) no longer [conflict] with MCC 11.15.7110(C)(3)(b)(i)."

We agree with McKenzie, insofar as his point is that LUBA's conclusion concerning the inconsistency of the interpretation with the statutes was derivative from its conclusion and explanation of why the interpretation was inconsistent with the language of the local provision. If the county's interpretation is contrary to the express language of its ordinance, the interpretation is reversible under ORS 197.829(1), and it is immaterial and unnecessary to decide whether the interpretation violates a state statute and is therefore also reversible under ORS 197.829(4).[3]

---

[3] We do not imply that, quite apart from anything in its own legislation, a county's failure to comply with ORS 215.416(3) or (11) cannot be a basis for

However, we do not agree with McKenzie that LUBA erred in concluding that the interpretation was inconsistent with the language of the ordinance. As Rochlin aptly notes, the "phrase 'final design review approval' can sustain two meanings. It can be a completed process or a final design." The county's interpretation evolved from the second focus, while LUBA's analysis turned on the first. In our view, the county's conclusion cannot be sustained under either perspective. For the reasons stated by LUBA, the process was not complete; and, contrary to the county's reasoning, the word "final" cannot apply to a design simply because it is the most recent variation submitted for review approval. Even under the deferential standard set forth in ORS 197.829(1) and *Clark*, we must reject the county's interpretation as being inconsistent with the language of the ordinance.

Affirmed on petition and on cross-petition.

---

reversing its land use decision. The issue here, however, is whether the county's interpretation of the ordinance is reversible, and not whether it satisfied the hearing requirements of ORS 215.416.