Argued and submitted November 23, 1999, affirmed on petition and cross-petition January 26, 2000

FRIENDS OF THE CREEK,
*Respondent - Cross-Petitioner,*

*v.*

JACKSON COUNTY,
*Respondent,*

*and*

CITY OF ASHLAND,
*Petitioner - Cross-Respondent.*

(LUBA No. 98-158; CA A107771)

995 P2d 1204

Edward J. Sullivan argued the cause for petitioner - cross-respondent. With him on the briefs were William K. Kabeiseman and Preston Gates & Ellis, LLP.

Gregory S. Hathaway argued the cause for respondent - cross-petitioner. With him on the brief were E. Michael Connors and Davis Wright Tremaine LLP.

No appearance for respondent.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief *amicus curiae* for the State of Oregon.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

## DEITS, C. J.

The City of Ashland operates a wastewater treatment plant that is located within its urban growth boundary and has historically discharged treated water into Ashland and Bear Creeks. After that means of disposal was restricted by the Oregon Department of Environmental Quality (DEQ), the city purchased an 846-acre parcel in an exclusive farm use (EFU) zone located outside the city. The city plans to pipe the waste from the existing facility to storage reservoirs on the newly acquired parcel, to dry the waste and, ultimately, to spread it on parts of the parcel as a fertilizer in conjunction with a farming operation of an as yet unspecified nature.

The city initially applied to Jackson County for a conditional use permit to allow it to conduct the foregoing combination of uses (use) in the EFU zone. After opposition to the proposal arose, the city withdrew the conditional use permit application and, instead, requested that the county approve the use as one that is permitted outright in the zone. The county planning director agreed and issued her approval through a DEQ form called a Land Use Compatibility Statement (LUCS) and through a letter that states, in part:

"Jackson County Land Development Ordinance Chapter 218.030(12) and ORS 215.283(1)(d) allow for utility facilities necessary for public service in the Exclusive Farm Use zoning district as a permitted use. Statewide Planning Goal 3, and OAR 660-33-120 state that farm uses are also allowed in an Exclusive Farm Use zoning district.

"Your statement of intent on the Land Use Compatibility Statement clarifies that this utility facility is necessary for public service and will provide for agricultural use of the Exclusive Farm Use zoned land. Pasture grasses, hay, alfalfa and other crops are to be irrigated with treated effluent from the WWTP, and soil will be enhanced through application of biosolids. All water and biosolids transported to or stored on the site will be applied for the purposes of enhancing *agricultural* production. The effluent will be stored in ponds on the site and then sprayed on the site. The biosolids will be stored in lagoons, air dried then land applied through tilling practices. *The property will be farmed* to ensure effective use of the effluent as irrigation

water and efficient use of biosolids as fertilizer and soil amendment.

"We find this proposal to be in compliance with State Law and Jackson County land use regulations." (Emphasis in original.)

Friends of the Creek (Friends) appealed the county's action to LUBA. The city contended that LUBA lacked jurisdiction on the theory that the county's determination that the use was permitted outright, as either a "farm use" within the meaning of ORS 215.203 or a "utility facility necessary for public service" under ORS 215.283(1)(d),[1] did not "require interpretation or the exercise of policy or legal judgment" and, therefore, was not a "land use decision." ORS 197.015(10)(b)(A). LUBA rejected the city's jurisdictional contention as well as its argument that Friends lacked standing. LUBA then held, consistent with Friends' first assignment, that the proposed use was one that required a "permit" under ORS 215.402 *et seq.* and the notice and hearing procedures that those statutes prescribe. Consequently, LUBA remanded the county's decision so that the necessary proceedings could be conducted. However, LUBA rejected Friends' arguments that, as a matter of law, the proposed use *could not* qualify as permissible under either ORS 215.203 or ORS 215.283(1)(d). Although LUBA's discussion of the particulars of the arguments was lengthy, we understand it to have *concluded* in both connections that the questions could not be decided in the absence of factual determinations to be made at the hearing required by LUBA's remand.

The city seeks our review and assigns error to LUBA's conclusions on the jurisdictional issue, the standing issue, and the issue of whether the "permit" requirements of ORS 215.402 *et seq.* are applicable. With one caveat, we agree with LUBA's holdings and its analysis in each instance. The caveat is that we find it unnecessary to decide whether, as LUBA implied, the fact that an application happens to have been acted on or not acted on in the form of a written decision is generally determinative of the *jurisdictional* question.

---

[1] We refer to the statutes rather than their local analogs. *See Forster v. Polk County*, 115 Or App 475, 839 P2d 241 (1992).

■ Friends cross-petitions and assigns error to LUBA's interpretation of ORS 215.203 and LUBA's conclusion that the possibility that the city's proposed use might be a "farm use" within that statute could not now be foreclosed as a matter of law. We note that Friends makes no challenge to LUBA's corresponding conclusion about ORS 215.283(1)(d), which serves as a possible *alternative* basis for the approval of the use. In any event, we agree with LUBA's holdings that the compatibility of the use with either statute or both statutes cannot be determined in the absence of further factual development and findings. Under the circumstances of this case, we do not consider it necessary or appropriate for us to discuss the parties' nondispositive arguments about the proper interpretation of ORS 215.203 before the factual development on remand has occurred.

Affirmed on petition and cross-petition.